IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT

     Plaintiff,                              No. 2:09-cv-2439 KJN P

    vs.

TOM BOSENKO, et al.,

     Defendants.                   ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was dismissed with leave to amend on February 24, 2010. Plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
7  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
10 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
12 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
13 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
14 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
15 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
16 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
17 as true the allegations of the complaint in question,  id., and construe the pleading in the light
18 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

19       Plaintiff's amended complaint contains several unrelated claims originating from
20 plaintiff's detention in Shasta County Jail.  However, plaintiff has again failed in most instances
21 to identify the defendants associated with the alleged constitutional deprivations.  Plaintiff states
22 he was unable to participate in many programs or privileges offered to other inmates, but
23 provides no other details.  Plaintiff states that he was kept in a medical unit and as a result was
24 inflicted with a serious mental illness, but plaintiff provides no description of the serious mental
25 illness or what may have caused it.  Plaintiff also alleges that his sleep apnea was not properly
26 treated, but does not identify any specific defendants.

Plaintiff does name two defendants who allegedly obstructed plaintiff's efforts to litigate court actions in Shasta County Superior Court. While plaintiff does provide case numbers he provides no details how the named defendants obstructed his ability to litigate the cases. Plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

Prisoners have a constitutional right of access to the courts under the first and fourteenth amendments. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is guaranteed for direct and collateral attacks upon a conviction or sentence. Lewis, 518 U.S. at 354. To state a claim for denial of access to courts, a plaintiff must allege a specific actual injury involving a non-frivolous direct appeal, habeas corpus proceeding or section 1983 action. Id. at 351-52, 353 n. 3, 353-55; see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the

3

claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second

////
////
////
////
////

1  Amended Complaint." Failure to file a second amended complaint in accordance with this order
2  may result in the dismissal of this action.
3  DATED: April 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gant2439.amd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT

        Plaintiff,                      No. 2:09-cv-2439 KJN P

    vs.

TOM BOSENKO, et al.,

        Defendants.             <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Second Amended Complaint

DATED:

                                                              _____
                                                              Plaintiff