IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT,

        Plaintiff,                 No. 2:09-cv-2439 KJN P

    vs.

TOM BOSENKO, et al.,

        Defendant.          ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint was dismissed with leave to amend on February 24, 2010. Plaintiff has filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        Plaintiff raises multiple claims concerning his housing at Shasta County Jail, claiming that an alleged wrongful placement resulted in his inability to participate in certain

programs.

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law. Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. at 472. On the basis of these authorities, the court finds that plaintiff's allegations concerning classification and housing fail to state a Fourteenth Amendment claim upon which relief may be granted. These claims should not be renewed in any third amended complaint.

Plaintiff also alleges that various defendants verbally threatened plaintiff "about making copies," about "following local rules," and were "interfering with plaintiff's ability to make copies," etc. Plaintiff is advised that allegations of mere threats alone fail to state a claim of cruel and unusual punishment under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (court upheld district court's dismissal of plaintiff's claim that defendants threatened him with bodily harm to deter plaintiff from pursuing legal redress for grievances). "[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong." Id. Additionally, neither verbal abuse nor the use of profanity violate the Eighth Amendment

2

proscription against cruel and unusual punishment.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (upholding summary judgment on claim that defendant used vulgar language; profanity, verbal abuse and verbal harassment do not state a constitutional claim under 42 U.S.C. § 1983).  These allegations should not be included in any third amended complaint.

Finally, it appears plaintiff may be able to state a cognizable civil rights claim concerning certain defendants' alleged deliberate indifference to plaintiff's serious medical needs; specifically, denying him the authorized use of his C-Pap machine for his sleep apnea. However, plaintiff has failed to specifically articulate which defendants were responsible for this deprivation.

In light of the above, plaintiff's second amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint to renew his potential Eighth Amendment medical claim only.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

DATED: August 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gant2439.14o

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT

      Plaintiff,                      No. 2:09-cv-2439 KJN P

      vs.

TOM BOSENKO, et al.,

      Defendants.            <u>NOTICE OF AMENDMENT</u>

      _____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____        Third Amended Complaint

DATED:

                                                  Plaintiff