1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONY AUSTIN GANT,

11          Plaintiff,                  No. 2:09-cv-2439 KJN P

12      vs.

13   TOM BOSENKO, et al.,               ORDER and

14          Defendants.                 FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel with a civil rights action

17   pursuant to 42 U.S.C. § 1983.   On September 30, 2011, defendants filed a motion for summary

18   judgment.  On December 7, 2010, the court advised plaintiff of the requirements for opposing a

19   motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

20   F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th

21   Cir. 1988).

22          On October 28, 2011, plaintiff was ordered to file an opposition or a statement of

23   non-opposition to the pending motion within thirty days.  In that same order, plaintiff was

24   advised of the requirements for filing an opposition to the pending motion and that failure to

25   oppose such a motion would be deemed as consent to have the:  (a) pending motion granted; (b)

26   action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to

1

comply with these rules and a court order.  Plaintiff was also informed that failure to file an

opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b)

of the Federal Rules of Civil Procedure.

The thirty day period has now expired and plaintiff has not responded to the

court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

court order the district court must weigh five factors including:  '(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has

considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

support dismissal of this action.  The action has been pending for over two years and three

months and has reached the stage, set by the court's March 15, 2011 scheduling order, for

resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury

trial.  (Dkt. No. 25.)  Plaintiff's failure to comply with the Local Rules and the court's October

28, 2011 order suggests that he has abandoned this action and that further time spent by the court

thereon will consume scarce judicial resources in addressing litigation which plaintiff

demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants

from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose

the motion prevents defendants from addressing plaintiff's substantive opposition, and would

1   delay resolution of this action, thereby causing defendants to incur additional time and expense.

2          The fifth factor also favors dismissal.  The court has advised plaintiff of the

3   requirements under the Local Rules and granted ample additional time to oppose the pending

4   motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

5          The fourth factor, public policy favoring disposition of cases on their merits,

6   weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra,

7   the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of

8   this case, those factors outweigh the general public policy favoring disposition of cases on their

9   merits.  See Ferdik, 963 F.2d at 1263.

10          For the foregoing reasons, IT IS ORDERED that the Clerk of Court randomly

11   assign a district judge to this case, and

12          IT IS HEREBY RECOMMENDED that this action be dismissed without

13   prejudice pursuant to Federal Rule of Civil Procedure 41(b).

14          These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

16   one days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19   objections shall be filed and served within fourteen days after service of the objections.  The

20   parties are advised that failure to file objections within the specified time may waive the right to

21   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22   DATED:  December 6, 2011

23

24          _____
                     KENDALL J. NEWMAN
25                   UNITED STATES MAGISTRATE JUDGE

26   gant2439.nopfr

3